
109148-001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NUTRITION 21,<br><br>                      Plaintiff,<br><br>        v.<br><br>AMERICAN INTERNATIONAL<br>CHEMICAL, INC.<br><br>                      Defendant. | CIVIL ACTION NO.<br>00CV10004PBS |

## ANSWER OF DEFENDANT
## AMERICAN INTERNATIONAL CHEMICAL, INC.

Defendant American International Chemical, Inc. ("AIC"), by its attorneys, states as follows for its answer to the Complaint herein.

1. AIC states that the allegations contained in paragraph 1 of the Complaint are conclusions of law as to which no response is required. To the extent that a response may be deemed to be required, AIC denies each and every allegation contained in paragraph 1 of the Complaint.

### THE PARTIES

2. AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

3. Admitted.

DOCKETED

## JURISDICTION AND VENUE

4. AIC admits that it resides and does business in the Commonwealth of Massachusetts. To the extent not specifically admitted herein, AIC denies each and every allegation contained in paragraph 4 of the Complaint.

5. AIC states that the allegations contained in paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent that a response may be deemed to be required, AIC denies each and every allegation contained in paragraph 5 of the Complaint.

6. AIC states that the allegations contained in paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent that a response may be deemed to be required, AIC denies each and every allegation contained in paragraph 6 of the Complaint.

## CLAIM FOR PATENT INFRINGEMENT

7. AIC restates its responses to paragraphs 1-6 of the Complaint as if fully set forth herein.

8. AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9. AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies same.

10. AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies same.

11. AIC admits that it has sold and has previously offered for sale chromium picolinate, but denies that it has infringed any valid and enforceable claim of the patent-in-suit. To the extent not specifically admitted herein, AIC denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denied.

13. AIC admits that it received a copy of Nutrition 21's Complaint charging AIC with patent infringement. To the extent not specifically admitted herein, AIC denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denied.

15. Denied.

16. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against AIC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff comes into this Court with unclean hands, and for that reason, is barred from asserting the claims alleged herein.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, were caused by its own acts or omissions and/or by the acts or omissions of those for which it is responsible.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Complaint, AIC had reason to believe that the patent-in-suit was invalid, unenforceable and/or not infringed, and in good faith believed that the patent-in-suit was invalid, unenforceable and/or not infringed.

### FIFTH AFFIRMATIVE DEFENSE

The patent-in-suit is invalid and/or unenforceable for failure to comply with one or more of the provisions of 35 U.S.C. §1 et seq.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the patent-in-suit may have been obtained through inequitable conduct on the part of the patentee or a person or entity for whom the patentee is responsible, thereby rendering the patent-in-suit unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the current owner and/or the predecessors of the current owner of the patent-in-suit failed to meet the conditions specified in 35 U.S.C. §287 for marking products covered by the claims of the patent-in-suit wherefore plaintiff cannot collect damages from AIC.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, licensees of the patent-in-suit failed to meet the conditions specified in 35 U.S.C. §287 for marking products covered by the claims of the patent-in-suit wherefore plaintiff cannot collect damages from AIC.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's claims are barred by equitable doctrines, including without limitation, laches, estoppel and waiver.

## TENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's claims are barred due to its failure to name an indispensable party.

WHEREFORE, AIC prays that this Court:

A. Enter judgment in favor of AIC on each claim of Nutrition 21;

B. Award AIC its costs and reasonable attorneys' fees incurred as a result of this action; and

C. Award AIC such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

AMERICAN INTERNATIONAL
CHEMICAL, INC.

By its attorneys,

*/s/ Michael R. Reinemann*
Steven J. Frank, Esq. BBO #548,087
Michael R. Reinemann, Esq. BBO #556,808
Cesari and McKenna, LLP
30 Rowes Wharf
Boston, MA 02110
tel. 617-951-2500
fax. 617-951-3927

109148-001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon the following counsel of record by ~~mail~~ hand on March 24, 2000.

Steven Rosenthal, Esq.
15 Broad Street
Suite 700
Boston, MA 02109

_____

H:\109\148\0001\PLEADINGS\ANSWER.DOC